*Chandler-Learmont Cos. v. Vermont Mutual Insurance Co.*, No. 214-5-14 Wmcv (Teachout, J., June 25, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Windham Unit**                                             **Docket No. 214-5-14 Wmcv**

**Chandler-Learmont Companies and**
**Charles Chandler**
          **Plaintiffs**


          **v.**

**Vermont Mutual Insurance Co. and**
**Ronald Gifford**
          **Defendants**


## DECISION
### Defendants' Motion to Dismiss


This is a duplicative lawsuit filed by Mr. Charles Chandler four days after the Vermont Supreme Court affirmed this Court's dismissal of the predecessor lawsuit on comity grounds in deference to the courts of Massachusetts where he has the same subject matter pending against the same defendants in an earlier filed case. See *Chandler v. Vt. Mut. Ins. Co.*, No. 2014-030, 2014 WL 3714930 (Vt. Sup. Ct. May 9, 2014) (unpub.). Defendants again have filed a motion to dismiss on comity grounds.

The only *potentially* significant difference between this lawsuit and the previous one is that Mr. Chandler named the "Chandler-Learmont Companies" as a plaintiff or plaintiffs in this case. Mr. Chandler was the only named plaintiff in the prior suit. There is no dispute that the Massachusetts lawsuit that was pending at the time of the Vermont Supreme Court's comity decision remains pending.

The Vermont Supreme Court described the comity rule as follows:

> As we have recognized, "principles of comity can provide a [ ] . . . basis for nonintervention by a Vermont court in a dispute that has already come before some other forum." The doctrine is designed to foster cooperation among the states, preclude forum-shopping, avoid multiple or inconsistent judgments, and promote judicial economy by allowing a court, in its discretion, to stay or dismiss a proceeding "where an action *concerning the same parties* and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice."

*Chandler*, 2014 WL 3714930 *2 (citations omitted) (emphasis added). Thus, a disparity in the configuration of parties might counsel in favor of retaining jurisdiction over a later-filed case.

In Mr. Chandler's opposition to Defendants' motion for a more definite statement, he clarifies that the Chandler-Learmont Companies are "various Vermont companies" that he owns, controls, and represents, and that they are unincorporated. That Mr. Chandler may do business under different company names is insufficient to show any meaningful difference in parties here vis-à-vis the Massachusetts lawsuit.

Dismissal is the prudent course here as it was in the prior case.

## ORDER

For the foregoing reasons, Defendants' Motion to Dismiss is granted without prejudice.

Dated at Montpelier, Vermont this _____ day of June 2015.

_____
Mary Miles Teachout,
Superior Judge